# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WARREN JEROME YATES, #360364 | * |
| Petitioner | * |
| v | *    Civil Action No. PX-16-3437 |
| FRANK B. BISHOP, JR. and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | *   * |
| Respondents | * |

***

## MEMORANDUM OPINION

Petitioner Warren Jerome Yates challenges his 2009 conviction in the Circuit Court for Baltimore County for second degree felony murder and related offenses pursuant to 28 U.S.C. § 2254, primarily contending that he received ineffective assistance of counsel. ECF No. 1. The Petition is ready for resolution and the Court has determined it need not hold a hearing. *See* Loc. R. 105.6; *see also* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the following reasons, the Court denies the Petition and declines to issue a certificate of appealability.

## I. Background

Yates, along with his co-defendant Donald Kohler, stood trial for felony murder and drug distribution offenses arising from an incident that occurred on January 7, 2009. The evidence at trial demonstrated that Kohler had purchased four pounds of marijuana from Yates. Kohler gave cash in a bag in exchange for the marijuana. After Kohler left, Yates discovered the cash was counterfeit and chased after Kohler. *Id*. at 1074. Witnesses testified to having seen Yates run after Kohler into an alley, heard gunshots, and then saw Yates running back toward them. Yates then

got into a car with another individual, to whom Yates ultimately disclosed that he had fired the gun shortly before. ECF No. 12-11 at p. 130-32 (Tx. 10/8/2009). A single shot hit and killed bystander Shirley Worcester.

A jury sitting in the Circuit Court for Baltimore County convicted Yates of second degree felony murder, using a handgun during the commission of a violent crime, drug trafficking with a firearm, marijuana distribution, conspiracy to distribute marijuana, and first-degree assault. On December 7, 2009, the Circuit Court sentenced Yates to 95 years' confinement. *See Yates v. State*, 33 A. 3d 1071, 1074 (Md. App. 2011).

Yates appealed his convictions, challenging the admission of certain hearsay statements, the sufficiency of the evidence on the felony murder and handgun offenses, and substantive jury instructions. *Yates*, 33 A. 3d at 1071. On December 22, 2011, the Court of Specials of Maryland affirmed the convictions in a reported opinion. *Yates*, 33 A. 3d at 1072; *see also* ECF No. 12-3. Thereafter, the Court of Appeals of Maryland affirmed the decision of the Court of Special Appeals. *Yates v. State*, 55 A.3d 25 (Md. 2012).

On October 22, 2013, Yates moved for post-conviction relief in the Circuit Court for Baltimore County, raising eighteen claims of ineffective assistance of counsel. The Circuit Court for Baltimore County held a hearing on the Petition for Post-Conviction Relief and, by order filed on June 26, 2015, denied relief except as to whether trial counsel was ineffective for failing to file a timely motion for a new trial. Yates was permitted to file a belated motion for new trial. ECF No. 12-7 at p. 21. Yates applied for leave to appeal the denial of post-conviction relief which the Court of Special Appeals denied on July 28, 2016. ECF Nos. 12-8, 12-9.

Yates next filed his federal habeas petition on October 14, 2016. ECF No. 1. In it, Yates

2

presses only two of the ineffectiveness claims raised previously: that counsel was ineffective for failing to (1) request voir dire questions concerning juror biases regarding handgun use and narcotics offenses; and (2) move for judgment of acquittal sufficient to preserve certain arguments for appeal regarding sufficiency of evidence. ECF No. 12-7 at pp. 3 ¶4, 4 ¶ 12. Because neither is availing, the Petition must be denied.

## II.     Standard of Review

This Court may grant a petition for a writ of habeas corpus only to address violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal court reviewing a habeas petition that a state court has adjudicated previously must give "considerable deference to the state court decision," and may not grant habeas relief unless the state court arrived at a "'decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nicolas v. Att'y Gen. of Md.*, 820 F.3d 124, 129 (4th Cir. 2016) (quoting 28 U.S.C. § 2254(d)). In reviewing the Petition, the Court "must presume that the state court's factual findings are correct unless the petitioner rebuts those facts by clear and convincing evidence," and "cannot disturb the state court's ruling simply because it is incorrect; it must also be unreasonable." *Id.*

For a state court's decision to be contrary to established federal law, the state court must have arrived at a conclusion contrary to the United States Supreme Court on a question of law or must have confronted facts that are "materially indistinguishable from a relevant Supreme Court" case but nevertheless arrived at the opposite result. *Williams v. Taylor*, 529 U.S. 362, 405

3

(2000); see *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir. 2005); *Barnes v. Joyner*, 751 F.3d 229, 238 (4th Cir. 2014). As to an unreasonable determination, a federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Lovitt*, 403 F.3d at 178 (quoting *Williams*, 529 U.S. at 411). Rather, the Petitioner show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Barnes*, 751 F.3d at 238 (quoting *White v. Woodall,* 572 U.S. 415, 419–20 (2014)).

At base, for a § 2254 claim to be cognizable, the petitioner must assert a violation of federal statutory law or of the United States Constitution. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010); *Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (internal marks and citations omitted).

**III.     Analysis**

Every accused enjoys the Sixth Amendment right to "the effective assistance of counsel." *Garza v. Idaho*, 139 S. Ct. 738, 743-44 (2019) (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). Challenges to the effectiveness of criminal counsel are reviewed under the standard set

forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Pursuant to *Strickland*, a petitioner must demonstrate both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland* at 687. A strong presumption of adequacy attaches to counsel's conduct such that a petitioner alleging ineffective assistance must show that the proceeding was rendered fundamentally unfair due to counsel's errors. *Id.* at 689, 700. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

In the context of a *Strickland* claim previously litigated in state court, a petitioner also must show that the state court's determination was contrary to or involved an unreasonable application of clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). "State court findings of fact made in the course of deciding an ineffectiveness claim" are presumptively correct. *Strickland*, 446 U.S. at 698; *see also* 28 U.S.C. § 2254(e)(1). A petitioner must rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

Yates contends that counsel was ineffective in failing to conduct adequate voir dire and in failing to raise certain arguments for judgment in his favor at the close of the evidence. ECF No. 1 at p. 6; No. 1-1 at pp. 3-4, 17. The Court addresses each ground separately.

**A. Voir Dire Questions**

Yates faults trial counsel for failing to ask the jury venire about biases regarding handgun use and violations of narcotics laws. ECF No.1-1; ECF No. 1 at p. 6. Yates maintains that such questions aim "directly at biases related to [his] alleged criminal acts, which when uncovered, will disqualify a juror if the bias is so strong as to impair the juror's impartiality." *See Thomas v. State*, 775 A.2d 406, 414 (Md. Ct. Sp. App. 2001), *aff'd,* 798 A.2d 566 (Md. App. 2002), abrogated by *Pearson v. State*, 86 A.3d 1232, 1241-1242 (Md. App. 2014). Yates also argues that the post-conviction court's contrary determination constitutes an unreasonable application of *Strickland.*

In rejecting Yates' arguments, the post-conviction court relied on *Curtin v. State*, 903 A.2d 922 (App. Md. 2006). ECF No. 12-7 at p. 7. In *Curtin,* the defendant argued that he did not participate in an alleged robbery, and alternatively, that a fake gun was used to commit the robbery, precluding criminal liability. The defendant challenged the trial court's refusal to ask about whether potential jurors harbored any biases regarding use of handguns. Disagreeing with the defendant, the *Curtin* court reasoned that the jury's determination was limited to accepting or rejecting the State's evidence demonstrating the gun was used in the commission of the crime. ECF No. 12-7 at pp. 4-8. Accordingly, because the *Curtin* jurors did not need to determine whether the Defendant possessed the gun or even used the gun, any biases harbored toward individuals who used handguns would have no bearing on the deliberations. ECF No. 12-7 at p. 7.

6

In Yates' case, the post-conviction court reasoned that "[l]ike the Defendant in *Curtin*, [Yates] maintained he was not the person who shot the victim," and thus "the jury was charged with accepting or rejecting whether [Yates] used a gun during the commission of certain crimes." Accordingly, "[w]hether a venireperson had strong feelings about handguns," the court concluded "would not render that person more or less likely to convict Petitioner of the charges." Given the facts of the case and defense, the failure to request a question about biases about handgun use , did not amount to ineffectiveness of counsel in the court's view. *Id.* at p. 8.

With regard to counsel failing ask the venire about their views on the drug laws, the post-conviction court likewise highlighted that Yates had defended the distribution of marijuana charge on similar grounds – that he was not the person who had distributed the drugs. ECF No. 12-7 at 9. "[T]he jurors were only required to determine whether they accepted the State's evidence that Petitioner, and not someone else, was the person who was distributing marijuana." *Id.* The Court concluded that Yates could not demonstrate counsel was ineffective for failing to ask a voir dire question of marginal relevance.

On this record, this Court finds no grounds to upset the post-conviction court's determination that Yates received constitutionally adequate representation, even though counsel did not request these particular voir dire questions.[6] The record also flatly contradicts Yates' assertion that trial counsel failed to participate in voir dire. In fact, Yates' trial counsel participated

---

[6] Yates argues at length that *Thomas v. State* compels a different result. ECF No. 13 at 10. This Court disagrees. Strictly speaking, *Thomas* involves the application of state law, and does not directly implicate the standard for assessing adequacy of counsel under the Sixth Amendment. Contrary to Yates' urging, see ECF No. 13 at 11, this Court need not, nor should not, attempt to determine whether the state post-conviction court correctly interpreted state law. *See Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

7

actively in jury selection and joined in side bar discussions during the process. ECF No. 12-10 at pp. 15, 17, 18, 34, 68, 72, 91, 108, 121, 123, 124, 125, 128, 130, 132-148, 151-152. Potential jurors were also asked about whether they had been either victims of or witness to violent crime, and about their ability to be fair and impartial. ECF No. 12-10 at pp. 89, 95-96, 102-103, 115, 119. Thus, the post-conviction court rightfully saw no grounds upon which counsel's failure to press Yates' questions of choice rendered the representation constitutionally deficient.

Under these circumstances, the Court finds that Yates has not demonstrated the state court decision to be contrary to, or an unreasonable application of, clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence presented to the state court. *See* 28 U.S.C. § 2254(d)(1)-(2). The Petition must be denied as to this claim.

### B. Motion for Judgment of Acquittal

Defense counsel moved for judgment of acquittal on all counts at the conclusion of the state's case. Regarding the felony murder offense, counsel argued that no evidence demonstrated that the shooting death of Worcester and distribution of marijuana offenses were related, thus compelling acquittal. ECF No. 12-11 at pp. 237-238 (Tr. Tx. 10/8/2009). The Court denied the motion. Counsel then renewed the motion at the close of evidence, arguing broadly that events occurring after the distribution offense could not support the felony murder charge. ECF No. 12-12 at pp. 45-47. Counsel further argued that the state produced insufficient evidence to put the case to the jury. *Id*. at pp. 47, 62. The trial court denied the second motion for acquittal. *Id.* at p. 62.

At the post-conviction phase, the court determined that the motion for judgment of acquittal reached all counts and that the arguments in support fell within "the range of reasonably

8

professional competent assistance." ECF No. 14-4 at pp. 18-19. The court further noted that Yates did not prevail because sufficient evidence existed to support the verdict on all counts. *Id.*

This Court finds no ground on which to upset the post-conviction court's conclusions. Nothing in the record demonstrates that the state court's decision was contrary to, an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or was based on an unreasonable determination of the facts in light of the evidence presented to the state court in order to warrant the award of federal habeas corpus relief. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, the Petition must be denied on this ground.

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies this standard by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation omitted).

Yates has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Yates may still request that the United States Court of Appeals for the Court issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

For the foregoing reasons, the Petition is denied.  A separate Order follows.


October 10, 2019 /S/
Date Paula Xinis
United States District Judge